IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EDDIE ALAN NUNNELLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-0260 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS PETITION
FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Petitioner EDDIE ALAN NUNNELLEY, a state prisoner currently confined in the Clements Unit in Potter County, Texas, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner is confined pursuant to an August 14, 2003 conviction out of Grayson County, Texas for the offense of aggravated assault, and the 15-year sentence assessed in that case.

By the instant habeas application, petitioner challenges the execution of his sentence. Specifically, petitioner asserts TDCJ-CID is denying him thirty-five (35) days of pre-judgment jail time credit. Petitioner has attached to his pleadings the underlying state court Judgment, entered August 14, 2003, which awards petitioner 274 days pre-sentence jail time credit. Petitioner has also attached a July 15, 2013 time calculation sheet from TDCJ-CID which lists his sentence begin date

for the 15-year sentence as December 18, 2002.[1] Petitioner contends his sentence begin date should be November 13, 2002 rather than December 18, 2002.

## I.
## TIME DISPUTE RESOLUTION PROCESS

Pursuant to section 501.0081 of the Texas Government Code, the Texas Department of Criminal Justice developed a system which "allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled." Inmates are required to utilize this dispute resolution process if they contend their time has been incorrectly calculated.

The *Offender Orientation Handbook* printed by the Texas Department of Criminal Justice sets out the dispute resolution process for offenders who allege their time credits are in error. Specifically, the handbook instructs, "Offenders must contact the CRO [Classification and Records Office] by submitting an Offender Time Credit Dispute Resolution Form (CL-147) to the CRO." The handbook further advises:

> Upon receipt of correspondence, the CRO or intake coordinator will investigate the allegations. If a correction to time is made, the offender will be provided a new time slip or a commitment data form after the correction. If the CRO finds no error in the time-served credits, the offender will be provided a written statement from the custodian of offender records, certifying the credits to be correct based upon documents received by TDCJ.

The handbook warns that offenders may not file a time credit error in an application for a writ of habeas corpus until (1) a final certification decision from the CRO has been received by the offender; or (2) more than 180 days has passed since offender filed the complaint with the

---

[1] The TDCJ-CID online Offender Information Detail also reflects a 15-year sentence for possession of a controlled substance with an August 14, 2003 sentence date, the same sentencing date as for the aggravated assault offense.

Custodian of Offender Records, and no response has been received.  The handbook advises that "[o]ffenders who are within 180 days of their presumptive parole date, date of release to mandatory supervision, or date of discharge may use either this internal time credit dispute resolution procedure, or submit their application directly to the court, if the Writ of Habeas Corpus is not otherwise barred."

In a Report and Recommendation previously entered in this case but withdrawn after petitioner paid the filing fee, the Court noted:

> [P]etitioner has not submitted any evidence that he has properly exhausted his state remedies by seeking the time credits he seeks in this federal habeas petition through the time dispute resolution process within the prison system pursuant to Texas Government Code § 501.0081 or, after the denial of such resolution process, that he has sought state habeas corpus relief through the state trial court and Texas Court of Criminal Appeals pursuant to article 11.07 of the Texas Code of Criminal Procedure. Consequently, it appears petitioner's federal habeas application would be subject to dismissal for failure to exhaust under 28 U.S.C. § 2254(b), (c).

In objections to the withdrawn Report and Recommendation, petitioner indicated he filed an I-60 form[2] ("Offender Request To Official") with the TDCJ Time Resolution Office in July 2013 but did not receive a reply.  Petitioner contends an I-60 is the "proper form of contact in this instance" and, due to the lack of a reply from the prison, concludes he has exhausted this state administrative remedy.

Petitioner has not submitted any evidence that he has sought relief through the prison time

---

[2] "Offenders can ask for help by using the Offender Request to Official (I-60) form.  I-60 forms are available in living areas and in various other places on the unit.  An offender asking for help should briefly write his problem or request on side 1 of the I-60 and fill in his name, number, date of the request, unit of assignment, living quarters and work assignment on the bottom. The offender should also complete side two of the form by checking the appropriate box, if one applies, and addressing it to the individual or department he is asking for help.  If it is unknown which individual or department the I-60 should be addressed to, the Chief of Unit Classification has been appointed as the point of personal contact for all offenders and will provide assistance and/or advice as needed.  The I-60 can be sent through truck mail or placed in the appropriate box on the unit.  A response, an appointment or some action should be made to the I-60 as soon as possible by the appropriate department or individual." *Offender Orientation Handbook* at 70  (September 2015).

dispute resolution process, instead offering only his conclusory statement that he "sent an I-60" to the resolution office. Nor has petitioner submitted any authority that an I-60 form would be accepted in lieu of an Offender Time Credit Dispute Resolution Form (CL-147) to initiate an investigation into petitioner's time credit claims. Petitioner has not properly sought the time credits he seeks in this federal habeas petition through the time dispute resolution process within the prison system pursuant to Texas Government Code § 501.0081. Further, even if petitioner had properly presented his time credit claim to the Classification and Records Office and was denied relief, he has not properly presented his time credit claim to the state courts.

## II.
## STATE COURT REMEDIES

Title 28 U.S.C. § 2254 provides:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)(i)    there is an absence of available State corrective process; or

    (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial

opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted). To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In the state of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a

petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon 1999). Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 1999), or on direct appeal by a petition for discretionary review. An inmate may not, in an article 11.07 habeas corpus application, raise a claim of time-served credit error until:

> (1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or
>
> (2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.

Tex. Govt Code §501.0081(b). Consequently, before seeking state habeas corpus relief pursuant to article 11.07, an inmate must typically seek resolution through the prison time dispute process. *See Sorrells v. Cockrell*, No. 4:01-CV-0324-A, 2001 WL 1148962, at *3 (N.D. Tex. Sept. 17, 2001). However, subsections (b)(1) and (2) do not apply to an inmate who, according to the prison's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge. Instead, such an inmate may raise a claim of time-served credit error by filing a complaint with the prison time dispute resolution system or, if an application for a writ of habeas corpus is not otherwise barred, by raising the claim in that application. Tex. Gov't Code § 501.0081(c).

      Petitioner has not challenged TDCJ-CID's failure to credit his sentence with an additional thirty-five (35) days pre-judgment jail time credit through a state habeas corpus application under article 11.07 of the Texas Code of Criminal Procedure. Petitioner asserts the proper remedy to correct respondent's failure to credit his sentence with pre-judgment jail time credit is not a state habeas application but, instead, is a motion for a nunc pro tunc judgment filed with the state trial

court that rendered judgment. Petitioner contends he has filed such a motion, as well as a motion for a writ of mandamus with the Texas Court of Criminal Appeals seeking to compel the state trial court to rule on the motion.

A motion for a nunc pro tunc judgment filed with the state trial court is a proper remedy to correct errors in the state trial court's judgment. Petitioner, however, does not allege there is any error in the state trial court's judgment, rather, he alleges respondent has failed to properly follow the state trial court's judgment providing him with the full 274 days pre-judgment jail credit by applying such credit toward his 15-year sentence. Petitioner's motions for a judgment nunc pro tunc and for a writ of mandamus are not the proper means by which to assert his time dispute challenges.

Based upon petitioner's pleadings and the Texas courts online information available to this Court, it does not appear, as of this date, that petitioner has presented his federal claims to the Texas Court of Criminal Appeals by way of a state habeas corpus application filed with the state trial court. Therefore, the state's highest court has not had an opportunity to review and determine the merits of petitioner's claims. Consequently, petitioner's claims have not been exhausted and his federal habeas petition is subject to summary dismissal in order that petitioner may present to, and obtain a ruling by, the Texas Court of Criminal Appeals on his claim. Only after state habeas corpus proceedings are concluded may he raise his claims in this court by way of a federal petition pursuant to 28 U.S.C. § 2254.

### III.
### STATUTE OF LIMITATIONS

Further, petitioner has not demonstrated he could not have discovered his time credit claim, through the exercise of due diligence, prior to July 15, 2013, the date of the attached TDCJ time record reflecting his sentence begin date. Consequently, it appears petitioner's federal habeas

application is also subject to dismissal as time barred pursuant to 28 U.S.C. § 2244(d). If petitioner elects to file any objections to this Report and Recommendation, he shall address whether his petition is time barred for failure to file this petition within one (1) year after learning TDCJ was utilizing a begin date of December 18, 2002.

## IV.
## RECOMMENDATION

Petitioner has not submitted any evidence that he has properly sought pre-judgment jail time credits through the time dispute resolution process within the prison system pursuant to Texas Government Code § 501.0081 or, after the denial of such resolution process, that he has sought state habeas corpus relief through the state trial court and Texas Court of Criminal Appeals pursuant to article 11.07 of the Texas Code of Criminal Procedure. Consequently, petitioner's federal habeas application is subject to dismissal for failure to exhaust under 28 U.S.C. § 2254(b), (c). It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner EDDIE ALAN NUNNELLEY be DISMISSED WITHOUT PREJUDICE. Petitioner is advised that dismissal without prejudice does not guarantee petitioner that he will be permitted to prosecute any subsequently filed federal habeas application if such is time-barred, nor guarantee application of any "relation back" theory, but merely allows any subsequently filed petition not to be considered as a second or successive petition.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

      IT IS SO RECOMMENDED.

      ENTERED this   4th   day of November 2015.

                                            _____
                                            CLINTON E. AVERITTE
                                            UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

      Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

      Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).